1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  MARGARITA LOPEZ SANCHEZ,              No.  2:23-cv-01011-MCE-AC

12                Plaintiff,

13      v.                               **MEMORANDUM AND ORDER**

14  CALIFORNIA DEPARTMENT OF
    CORRECTIONS AND
15  REHABILITATION, et al.,

16                Defendants.

17

18        Plaintiff Margarita Lopez Sanchez ("Plaintiff") initiated this action against the

19  California Department of Corrections and Rehabilitation ("CDCR"), California State

20  Prison, Sacramento ("CSP-SAC"), and a number of individual CDCR employees

21  (collectively, "Defendants") seeking to recover for injuries sustained when her son was

22  killed while incarcerated.  Presently before the Court is Defendants' Motion to Dismiss

23  ECF No. 12.  That Motion is GRANTED.[1]

24  ///

25  ///

26  ///

27  _____

28        [1] Because oral argument would not have been of material assistance, the Court ordered this
    matter submitted on the briefs.  E.D. Local Rule 230(g).

1

1

**ANALYSIS**

2

3         On a motion to dismiss for failure to state a claim under Federal Rule of Civil

4   Procedure ("Rule") 12(b)(6), all allegations of material fact must be accepted as true and

5   construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

6   Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain

7   statement of the claim showing that the pleader is entitled to relief' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

9   Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

10  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

11  detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

12  his entitlement to relief requires more than labels and conclusions, and a formulaic

13  recitation of the elements of a cause of action will not do."  Id. (internal citations and

14  quotations omitted).  A court is not required to accept as true a "legal conclusion

15  couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

16  Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

17  above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

18  Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

19  pleading must contain something more than "a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action")).

21        Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

22  assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and

23  quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

24  to see how a claimant could satisfy the requirement of providing not only 'fair notice' of

25  the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright &

26  Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to

27  relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their

28  claims across the line from conceivable to plausible, their complaint must be dismissed."

2

1   Id.  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that

2   actual proof of those facts is improbable, and 'that a recovery is very remote and

3   unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

4        A court granting a motion to dismiss a complaint must then decide whether to

5   grant leave to amend.  Leave to amend should be "freely given" where there is no

6   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

7   to the opposing party by virtue of allowance of the amendment, [or] futility of [the]

8   amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

9   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

10  be considered when deciding whether to grant leave to amend).  Not all of these factors

11  merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

12  carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

13  185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

14  "the complaint could not be saved by any amendment."  Intri-Plex Techs., Inc. v. Crest

15  Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d

16  1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th

17  Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . .

18  constitutes an exercise in futility . . . .")).

19       Defendants first move to dismiss all of Plaintiff's claims against the CDCR and

20  CSP-SAC as barred by the state's Eleventh Amendment Immunity.  Plaintiff concedes

21  that dismissal of these claims is proper.  The CDCR and CSP-SAC are thus DISMISSED

22  without leave to amend.

23       Defendants next move to dismiss each of Plaintiff's federal and state claims

24  against the individual Defendants for failure to state a claim.  Defendants' argument is

25  well taken.  The Complaint includes only conclusory allegations regarding any of the

26  individual Defendants and does not identify what personal role, if any, they played in the

27  alleged deprivation of Plaintiff's rights.  Accordingly, these claims are DISMISSED with

28  leave to amend.

3

**CONCLUSION**

Defendants' Motion to Dismiss (ECF No. 12) is GRANTED.  Defendants CDCR and CSP-SAC are DISMISSED without leave to amend.  Plaintiff's remaining claims are DISMISSED with leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint.  If no amended complaint is timely filed, this action will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  April 23, 2024

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE